IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNCIL,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>KEITH LANNOM, Deputy Regional Forester, Region One of U.S. Forest Service, U.S. FOREST SERVICE, and U.S. FISH & WILDLIFE SERVICE,<br><br>　　　　　Defendants. | CV-21-51-M-DLC-KLD<br><br><br>ORDER |

　　　American Forest Resource Council ("AFRC") has filed a motion for leave to intervene in the above-captioned case as a matter of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissively under Fed. R. Civ. P. 24(b). Plaintiffs do not oppose the motion, and Federal Defendants have stated that they take no position on the motion. (Doc. 16, at 2).

　　A litigant seeking to intervene under Fed. R. Civ. P. 24(a) bears the burden of establishing that the following criteria are satisfied: (1) the motion is timely; (2)

1

the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993); *DBSI/TRI IV Ltd. Partnership v. United States,* 465 F.3d 1031, 1037 (9th Cir. 2006).

In evaluating these factors, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). While "the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

All four criteria for intervention as of right are satisfied in this case. This case is in its earliest stages, and there is no indication that allowing AFRC to

intervene will prejudice the existing parties. AFRC moved to intervene without delay, and its motion is thus timely. Plaintiffs Alliance for the Wild Rockies and Native Ecosystems Council seek to permanently vacate or enjoin the implementation of the Horsefly Vegetation Project on the Lewis and Clark portion of the Helena-Lewis and Clark National Forest. As detailed in its supporting brief, AFRC and its members have a significant protectable economic interest that may be impaired as a result of this litigation because they regularly purchase sales offered by the Helena-Lewis and Clark National Forest or process timber from those sales. Finally, AFRC has shown that the Federal Defendants' representation of AFRC's protectable interest may be inadequate because the Federal Defendants' interests are more focused on the broad public interest than on AFRC's economic interests in relation to the Horsefly Vegetation Project.

Because AFRC satisfies the criteria for intervention as of right and no existing party argues otherwise,

IT IS ORDERED that AFRC's motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a) is GRANTED.[1] The Clerk of Court is directed to

---

[1] "A motion to intervene is a nondispositive motion which may be heard and determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)." *United States v. Marsten Apartments, Inc.* 175 F.R.D. 265, 267 n. 1 (E.D. Mich. 1997). See also *Robert Ito Farm, Inc. v. City of Maui*, 2015 WL 134070, at *2 (D. Haw.

add American Forest Resource Council as a Defendant-Intervenor, and the case caption shall be modified accordingly. AFRC shall abide by the terms of the existing case management orders and its summary judgement brief will be due on December 7, 2021, limited to 6,500 words, and its reply will be due on January 25, 2022, limited to 3,500 words.

IT IS FURTHER ORDERED that AFRC shall refile the Proposed Answer (Doc.16-2) attached to its motion to intervene.

DATED this 8th day of October, 2 021.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

Jan 9. 2015); *United States v. Brooks*, 163 F.R.D. 601 (D. Or. 1995).