IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNCIL,<br><br>            Plaintiffs,<br><br>vs.<br><br>KEITH LANNOM, Deputy Regional Forester, Region One of U.S. Forest Service, et al.,<br><br>            Federal Defendants, and<br><br>AMERICAN FOREST RESOURCE COUNCIL,<br><br>            Defendant-Intervenor. | CV 21–51–M–DLC<br><br>ORDER |

Before the Court is Federal Defendants' motion to dissolve injunction. (Doc. 84.) The motion requests that the Court dissolve the permanent injunction established by the Court's June 27, 2024 order (Doc. 63), arguing that Federal Defendants have addressed the deficiency that the Court identified (Doc. 85 at 7). Plaintiffs oppose the motion. (Doc. 86.)  For the reasons stated herein, the motion will be GRANTED.

1

## Background[1]

In 2023, United States Magistrate Judge Kathleen L. DeSoto issued her Findings and Recommendation ("F&R") regarding the Horsefly Vegetation Project in the Helena-Lewis and Clark National Forest. (Doc. 51.) Judge DeSoto found that the Forest Service violated the National Forest Management Act and the National Environmental Policy Act ("NEPA") because it did not comply with Forest Plan Management Standard C-5. (*Id.* at 44.) Standard C-5, in relevant part, requires the Forest Service to "[m]onitor population levels of all Management Indicator Species on the Forest," including the goshawk, "and determine the relationship to habitat trends." The standard further requires population levels to "be monitored and evaluated as described in the monitoring plan (Chapter V)." (*Id.* at 39 (quoting AR_A1:0000061).) Item C-8 of Chapter V requires further evaluation of goshawk territories when there is a decrease of 10% or more in active nesting territories in a year. (*Id.* at 39 (quoting AR_A1:0000323).) An evaluation report is published for public review. (*Id.* at 39 (quoting AR_A1:0000320).)

After the parties filed objections to the F&R, the undersigned adopted the F&R in full and enjoined the project. (Doc. 63 at 42.) The Court found that the Forest Service failed to disclose and evaluate the decline in active goshawk nesting

---

[1] For a more in-depth factual background, see the Court's June 27, 2024 Order (Doc. 63).

2

territories for the years 2017 through 2019, as required by the Forest Plan.² (*Id.* at 13.) The Court issued a narrow remand requiring the Forest Service to cure the NEPA violation by preparing a supplemental Environmental Assessment ("EA") or an Environmental Impact Statement ("EIS"). (*Id.* at 42.)

## LEGAL STANDARD

This Court "retains the power to modify the terms of its injunction in the event that changed circumstances require it." *United States v. Oregon*, 769 F.2d 1410, 1416 (9th Cir. 1985). A court may "relieve a party or its legal representative from a final judgment, order, or proceeding [if] the judgment has been satisfied, released or discharged." Fed. R. Civ. P. 60(b)(5). A party seeking a dissolution of an injunction may demonstrate that the change is warranted by showing "a significant change either in factual conditions or in law." *All. for the Wild Rockies v. Weldon*, 2011 WL 3348000, at *2 (D. Mont. Aug. 3, 2011) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). A significant change in facts occurs when a party demonstrates its compliance with a court's remand order. *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).

---

² The 1986 Lewis and Clark Forest Plan applies to the Horsefly Project. The Forest Plan was updated in 2021, and the requirements regarding goshawk monitoring have been completely eliminated in the updated Forest Plan. (Doc. 85 at 11, FN 3 (citing Final Record of Decision for the Helena-Lewis and Clark National Forest Land Management Plan, 86 Fed. Reg. 59,979 (Oct. 29, 2021)).)

## DISCUSSION

On remand, the Forest Service prepared a supplemental EA ("SEA"), which was completed in December 2024. (Doc. 85-2.) The SEA assesses the existing condition for goshawks and their habitat at both the Project level and in the Forest-wide context, based on all of the available monitoring data collected between 2017 and 2020. (*Id.* at 6.)

Federal Defendants argue that the Court's injunction should be dissolved because the SEA cures the NEPA deficiencies outlined in the Court's order enjoining the Project. (Doc. 85 at 7.) Plaintiffs object to dissolving the objection, in relevant part, because the goshawk population in the Forest has significantly declined over the course of the last decade. (Doc. 86 at 14–17.)

The Court agrees with Federal Defendants and finds that the SEA complies with the Court's order. The SEA provides updated Goshawk data collected between 2017 and 2020, as well as 2024. (Doc. 85-2 at 8.) The SEA explains that a total of 273 active nests were monitored between 2007 and 2020. (*Id.* at 7.) Of these 273 active nests, the reproductive outcome is unknown at 21 of the nests "because subsequent surveys did not result in any detection of birds." (*Id.*) According to the SEA, the lack of detection could be due to the timing of surveys or the result of a lack of visual observation of goshawks. (*Id.*)

The SEA further explains that between 2017 and 2020, "the number of territories monitored compared to known territories dropped each subsequent year . . . due to the widespread tree mortality associated with the mountain pine beetle epidemic that created hazardous survey conditions." (*Id.* at 7.) The SEA analyzes factors that impact goshawk territory and nest occupancy, including fluctuations in forest productivity and low prey numbers. (*Id.* at 8.)

Finally, the SEA highlights that the Horsefly Project would "overlap with 5,138 acres of nesting habitat[,] which is [one percent] of goshawk habitat Forest wide." (*Id.* at 9.) "[D]ue to the small percent of habitat affected and the retention of at least 240 acres of nesting habitat for each home range in the project area," the Forest Service concluded that the effects were not significant. (*Id.* at 10.) The Forest Service published the ESA on its website following the publication of a legal notice during two comment periods. (Doc. 85-3.)

This analysis and the public disclosure of the analysis satisfies the Court's *narrow* remand order and directive to "cure the NEPA violation through a supplemental EA or EIS" and "inform the public that the Forest Service has indeed considered concerns related to decline in goshawk nesting territory." (Doc. 63 at 14, 16.) Federal Defendants' demonstration of compliance with the Court's remand order constitutes a "significant change in facts" warranting the dissolution of the injunction. *Weldon*, 2011 WL 3348000, at *2; *Sharp*, 233 F.3d at 1170. To the

extent Plaintiffs attempt to challenge the merits of the SEA analysis or assert new ESA claims, Plaintiffs may file a new lawsuit seeking judicial review under the APA and give 60-day notice of their new ESA claims.

## Conclusion

The SEA satisfies the Court's remand order, and therefore, the Horsefly Project may move forward.

Accordingly, IT IS ORDERED that Federal Defendants' motion to dissolve injunction (Doc. 84) is GRANTED. The injunction entered on June 27, 2024 (Doc. 63) is DISSOLVED.

DATED this 4th day of November, 2025.

_____
Dana L. Christensen, District Judge
United States District Court